UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

|  |  |
|---|---|
| JEFFREY De'ANDRAE SEWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV406-159 |
| ) | |
| DAVID RAMSEY, MARTY PHILLIPS, ) | |
| OFFICER RICHARDSON and ) | |
| NURSE WEAVER, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Defendants have filed a pre-answer motion to dismiss plaintiff's complaint on the ground that plaintiff has failed to exhaust his administrative remedies prior to filing the instant action. Doc. 11. Plaintiff has not responded to the motion. For the reasons that follow, defendants' motion should be GRANTED and plaintiff's complaint should be DISMISSED.

Plaintiff alleges that after he "accidentally" started a fire in his cell at the Georgia State Prison on May 2, 2006, he was handcuffed with his hands behind his back and then beaten "without provocation" by

correctional officer David Ramsey who, urged on by defendant Richardson, hit him repeatedly with his fists and rammed his head into a concrete wall. Doc. 1. He alleges that he was further assaulted by Officer Marty Phillips, who slapped him in the face and joined with Ramsey in pummeling him with his fists "without justification." Id. Although these beatings caused him severe pain and resulted in numerous lacerations, bruises, and abrasions to his head, face, arms, legs, and torso, he contends that Nurse Weaver simply swabbed his blood from his head and refused to give him any pain medication despite his intense suffering, which continued for days and weeks. Id.

Defendants acknowledge that plaintiff filed a grievance related to the issues in his complaint, but they contend that plaintiff did not exhaust his administrative remedies because he failed to appeal the grievance after the warden failed to respond to the grievance within the allotted time. Doc. 11. Defendants further assert that plaintiff did not allege that Officer Richardson had assaulted him or that Nurse Weaver provided him with inadequate medical care in the grievance and therefore these claims are also unexhausted. Id.

Prior to bringing a § 1983 action challenging the conditions of his confinement, a prisoner is required to exhaust all available administrative remedies. The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Eleventh Circuit has made clear that the mandatory exhaustion requirement is a "'pre-condition to suit'" that must be enforced even if the available administrative remedies are either futile or inadequate. Harris v. Garner, 190 F.3d 1279, 1285-86 (11th Cir. 1999) (quoting Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998), vacated, 197 F.3d 1059, reinstated in part, 216 F.3d 970 (11th Cir. 2000)). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." Knuckles v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

The United States Supreme Court has recently reiterated the mandatory nature of the exhaustion requirement. See Porter v. Nussle,

3

534 U.S. 516, 523 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life). Furthermore, the PLRA "requires proper exhaustion." Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006). An inmate must "us[e] all steps" in the administrative process and comply with any administrative "deadlines and other critical procedural rules" before exhaustion is proper. Id. at 2385-86 (internal quotation omitted). Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies. Id. at 2382; see also Lambert v. United States, 2006 WL 2468533 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations"). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005); Simpson v. Holder, 2006 WL 2430001 (11th Cir. Aug. 23, 2006) (recognizing that the PLRA exhaustion requirement contains a procedural default provision). "[A] Georgia prisoner 'must timely meet the deadlines or the good cause standard of

4

Georgia's administrative grievance procedures'" in order to exhaust his administrative remedies properly. Salas v. Tillman, 162 Fed. Appx. 918, 920 (11th Cir. 2006) (quoting Johnson, 418 F.3d at 1155); see also Woodford, 126 S. Ct. at 2386 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Plaintiff filed an informal grievance on May 6, 2006 in which he alleged that Officer Ramsey and Sergeant Phillips assaulted him on May 2, 2006 after plaintiff set a fire in his cell. Doc. 12, Ex. C. Plaintiff filed his formal grievance related to this incident on May 12, 2006. Id. Nowhere in this grievance does plaintiff mention that Officer Richardson was involved in this incident or that Nurse Weaver provided inadequate medical treatment to him following the incident. Id. The warden had not responded to plaintiff's grievance prior to the filing of his complaint on July 10, 2006, and plaintiff has not appealed his grievance despite not receiving a response. Doc. 12, Ex. A.[1]

---

[1] Defendants attach the affidavit of Katherine Cadena in support of their motion to dismiss. Doc. 12, Ex. A. Ms. Cadena is the manager of the Office of Investigations

5

The Georgia Department of Corrections grievance procedure in effect at the time of the alleged incident requires an inmate to comply with three separate steps in order to properly exhaust his administrative remedies. See SOPIIB05-0001 § VI (eff. date June 1, 2004); Doc. 12, Ex. B. The first step requires an inmate to file an informal grievance within ten calendar days from the date of the alleged incident giving rise to the grievance. Id. Failure to comply with the time limitation can be excused for good cause. Id. The informal grievance forms are available in the prison control rooms and from a counselor or officer on duty for those inmates in the Special Management Unit. Id. If the grievance cannot be resolved informally, the inmate may then file a formal grievance. Id. The warden has thirty days to investigate the formal grievance and issue his response. Id. If the inmate remains dissatisfied with the response, he may file an appeal with the Central Office. Id. Additionally, "[w]here the warden/superintendents [sic] response time is exceeded, the inmate *may* appeal his grievance to the Commissioner['s] Office, unless a one time[,] [ten-day] extension has been

---

and Compliance for the Georgia Department of Corrections and is responsible for ensuring proper compliance with the grievance appeal procedure and that appeals are investigated and responded to in a timely fashion. Id.

6

authorized and the inmate is notified of such extension by the Grievance Coordinator." Id. at VI(A)(11) (emphasis added).

Defendants assert that plaintiff failed to name either defendant Richardson or Weaver in his grievance and therefore failed to exhaust his administrative remedies with respect to his allegations against those defendants. Doc. 11. "Section 1997e(a) requires a prisoner to exhaust all 'available' administrative remedies, and implicit in that requirement is an obligation on the prisoner to provide those officials who will pass upon the grievance all the relevant information that he has, including the identity of any officials he thinks have wronged him." Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000); see also Kikumura v. Osagie, 461 F.3d 1269, 1285 (10th Cir. 2006) ("a grievance satisfies § 1997e(a)'s exhaustion requirement so long as it provides prison officials with enough information to investigate and address the inmate's complaint internally."). Although a prisoner cannot be required to provide information he does not have or cannot reasonably obtain, he must include "relevant information about his claims, including the identity of those directly involved in the alleged deprivation[]." Brown, 212 F.3d at 1210. Plaintiff failed to name either

defendant Richardson or Weaver in his grievance, and he did not furnish prison officials with any information suggesting that these individuals had wronged him. See Doc. 12, Ex. C. Moreover, plaintiff's grievance fails to raise any claim that he was denied adequate medical care. Id. Plaintiff has not alleged any circumstances which prevented him from obtaining Officer Richardson's identity prior to filing his grievance or which prevented him from raising his contentions of inadequate medical treatment in his grievance. Plaintiff, therefore, failed to provide sufficient information so that prison officials could resolve his complaints internally prior to the filing of the instant action. Consequently, plaintiff's administrative remedies remain unexhausted as to these defendants and his complaint against them should be DISMISSED.[2]

---

[2] The Tenth Circuit has recently addressed the PLRA's exhaustion requirement in light of the Supreme Court's decision in Woodford. See Kikumura, 461 F.3d 1269. That court had previously adopted a "total exhaustion" rule for complaints brought pursuant to § 1983, requiring a § 1983 plaintiff to exhaust his administrative remedies with regard to each claim in his complaint in order to proceed with the suit in federal court. Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004). That decision held that the policy considerations behind § 1983 required a "mixed" § 1983 complaint, containing both exhausted and unexhausted claims, to be dismissed in its entirety without prejudice. Id. at 1190. In Kikumura, however, the court held that none of those policy reasons applied as the prison had rejected plaintiff's one unexhausted claim on procedural grounds since the time plaintiff had filed his § 1983 complaint. Kikumura, 461 F.3d at 1288. The court held that "claims that have been properly denied by the prison as untimely are, practically speaking, procedurally defaulted and thus may be dismissed from the complaint individually and with prejudice." Id. at 1289. The court

Defendants contend that plaintiff's complaint should also be dismissed as to defendants Ramsey and Phillips since plaintiff did not appeal his grievance after the warden failed to respond to it within thirty days. Doc. 11. The grievance procedure provides that the formal grievance process shall be completed within thirty calendar days from the day the inmate files his formal grievance with the counselor. SOP IIB05-0001(VI)(C)(14). The procedure allows for an inmate to appeal his grievance to the Commissioner's Office once the time period for the warden to respond has expired, provided that the warden has not requested an extension of time to respond to the grievance. SOP IIB05-0001(VI)(A)(11). As of September 12, 2006, the warden at Georgia State Prison had not responded to plaintiff's formal grievance and plaintiff had not appealed the grievance despite the warden's failure to respond. Doc. 12, Ex. A. Defendants contend that since plaintiff has not filed an appeal "as he was permitted to

---

declined to extend the PLRA total exhaustion rule in that case, holding that "an action containing both exhausted claims and procedurally barred claims does not fall within the scope of the total exhaustion rule." Id. The court did note, however, that the Woodford decision "hinted that the PLRA's exhaustion provision should be interpreted in light of the administrative-exhaustion doctrine rather than habeas law," and that "[t]he [Supreme] Court's administrative-exhaustion doctrine does not appear to contain a total exhaustion requirement." Id. at 1288, n.10. The Supreme Court has granted certiorari in two cases to resolve a split among the circuits as to whether the PLRA should be read to contain a total exhaustion requirement. Id. at 1286, n. 7.

do under SOP IIB05-0001," he has failed to exhaust his administrative remedies. Doc. 11. As the language of defendants' motion suggests, the grievance procedure does not require an inmate to appeal a grievance after the time for the warden's response has passed, but simply permits him to do so. The grievance procedure explicitly states that an inmate "may" appeal his grievance without receiving a response from the warden if the time for that response has passed, thereby implicitly providing that an inmate may elect to wait for a decision from the warden before filing an appeal. See SOP IIB01-0001(VI)(A)(11). Thus, defendants' argument that plaintiff failed to exhaust his administrative remedies on this ground fails.

Section 1997e(a), however, requires an inmate to exhaust his administrative remedies prior to filing his complaint in federal court. See Brown, 212 F.3d at 1207 ("when a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit"); see also Harris, 190 F.3d at 1285-86. As plaintiff is still awaiting a response from the warden regarding his grievance, he remains in the process of exhausting his administrative

10

remedies. Plaintiff, therefore, has failed to exhaust his remedies completely with respect to his allegations against defendants Ramsey and Phillips before filing the instant complaint. Accordingly, his complaint against them must be DISMISSED.

Based on the foregoing, plaintiff has failed to exhaust his administrative remedies with respect to any of the named defendants. Accordingly, his complaint should be DISMISSED without prejudice.

**SO REPORTED AND RECOMMENDED** this _14TH_ day of **November, 2006.**

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA